**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LISA MULLAN,** | ) | **CASE NO. 1:16CV2989** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **PENSKE AUTOMOTIVE** | ) | |
| **GROUP, INC., et al.,** | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the pending Motions filed on behalf of Plaintiff and Defendants.

**I. BACKGROUND**

On November 3, 2016, Plaintiff, Lisa Mullan, filed a Complaint in the Lake County Court of Common Pleas against Penske Automotive Group and Whit Ramonat, alleging gender discrimination in employment and retaliation under Ohio Revised Code 4112, as well as defamation.

On December 14, 2016, Defendants removed the action on the basis of diversity jurisdiction. Plaintiff is an Ohio citizen. Penske is a Delaware corporation with its principal

place of business in Michigan. Ramonat is a citizen of Michigan. The amount in controversy exceeds $75,000 because Plaintiff seeks damages in excess of $25,000 on each of her four claims, plus punitive damages and attorney fees.

Defendants filed their Answer on December 21, 2016; and on the same date, Defendant Ramonat filed a Motion for Judgment on the Pleadings. Ramonat argues that Plaintiff's Complaint fails to state any valid claims against him. There are no allegations that Ramonat participated in any employment-related decision regarding Plaintiff. The Complaint only alleges that Ramonat was the Executive Vice President in charge of the Cleveland market.

In response, Plaintiff moves to amend her Complaint to: (1) add Honda of Mentor and PAG Mentor A1, Inc. as Defendants; (2) remove Whit Ramonat as a Defendant; and (3) clarify and accurately identify the proper parties and their involvement in the conduct underlying her discrimination and retaliation claims. Plaintiff further asserts that the amendment will destroy diversity jurisdiction; so, the case should be remanded to state court.

## II. LAW AND ANALYSIS

### Standard of Review

### Motion for Judgment on the Pleadings

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and

determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

**Motion for Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party, not entitled to amend as a matter of course, seeks leave to amend their complaint, the court should give leave freely when justice so requires. In *Foman v Davis*, the Supreme Court further held that if a plaintiff's claims rest upon facts that may be a proper subject for relief, then he should be given the chance to test his claims on the merits. 371 U.S. 178, 182 (1962). Further, the Court held that "in the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.- the leave sought should, as the rules require, be freely given." *Id.*

As to the Motion for Judgment on the Pleadings, Plaintiff concedes that Whit Ramonat was incorrectly named as a Defendant in this case. (ECF DKT #7 at 2).

With regard to Plaintiff's Motion for Leave to File an Amended Complaint and for Remand, Defendants raise no substantive objections. Rather, Defendants ask that any order permitting amendment and/or remand should include an award of attorney fees and costs for

Plaintiff's "inexcusable failure" to identify the necessary parties in this case, i.e., her employers as listed on her paychecks. Defendants note that because Plaintiff failed to conduct proper pre-suit investigation, she incorrectly named Ramonat and did not name the appropriate parties. These failures inevitably led Defendants to file for removal and caused needless increased litigation expenditures.

Plaintiff offers her Affidavit (ECF DKT #7-3) to explain that the mistaken identification of her employer in the Complaint resulted from documents and information in her possession during her employment: (1) the Penske Automotive Employee Handbook; (2) websites indicating each dealership as a "Penske Automotive Dealership;" (3) work email address ending with "@Penskeautomotive.com;" (4) expense and travel reports on Penske letterhead; and (5) employee nametags identifying the dealership as Penske Automotive Group. Plaintiff now acknowledges, upon reconsideration, that the two Ohio entities, Honda of Mentor and PAG Mentor A1, Inc., are the appropriate employer-Defendants.

Plaintiff further asserts that, if the Court grants leave to amend, the case should be remanded to state court. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

### III. CONCLUSION

The Court holds that Plaintiff did not act in bad faith or with a dilatory purpose and that Defendants have not been unduly prejudiced. Therefore, the Court grants Plaintiff's

Motion (ECF DKT #7) for Leave to Amend. The Amended Complaint shall be filed on or before August 18, 2017.

The Motion (ECF DKT #5) of Defendant, Whit Ramonat, for Judgment on the Pleadings is denied as moot.

Immediately upon the filing of the Amended Complaint, because there will no longer be complete diversity between Plaintiff and Defendants, the captioned case will be remanded to the Lake County Common Pleas Court.

No sanctions in the form of fees and costs will be awarded to Defendants. Although the Court finds that Plaintiff should have been more diligent and more thorough in her pre-suit investigation, the negligent litigation conduct was not to such a degree as to warrant the imposition of monetary sanctions.

**IT IS SO ORDERED.**

                                            **s/ Christopher A. Boyko**
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**

**Dated: August 11, 2017**